UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS HONICK and CANDICE HONICK,

    Plaintiffs,

v.                                                      Case No: 2:21-cv-637-SPC-NPM

ACE INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant Ace Insurance Company of the Midwest's Motion to Dismiss (Doc. 18). Plaintiffs Louis and Candice Honick (together, "Honick") did not timely respond. Local Rule 3.01(c). So the Court considers the Motion unopposed. *Id.* And it simply decides whether the Complaint states a claim based on the papers in the record. *Giummo v. Olsen*, 701 F. App'x 922, 924-25 (11th Cir. 2017). The Motion is denied.

This is a Hurricane Irma insurance dispute. Honick sued Ace on July 14. On July 1, however, a new statute took effect: Florida Statute § 627.70152

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

("Statute"). Under that law, insured must give insurer notice before suing on a property insurance policy. If insured does not do that, dismissal without prejudice follows. So the Statute makes notice a condition precedent. Ace argues the Statute applies retroactively. And it says Honick didn't give notice.

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must accept all well-pled allegations as true and view them most favorably to plaintiff. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017).

Because the Statute is only a few months old, no court ever cited it. Unsurprisingly then, nobody determined yet whether it is retroactive. The Court need not be the trailblazer on that question though. Even assuming the Statute applies retroactively—an issue on which the Court expresses no opinion—the Complaint is enough to survive Ace's challenge.

"In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). According to Honick, "All conditions precedent to the filing of this action have been met or have occurred through performance, waiver, or otherwise." (Doc.

3 at 1). Typically, that general allegation is enough. *EEOC v. Klingler Elec. Corp.*, 636 F.2d 104, 106-07 (5th Cir. 1981) ("A general averment that all conditions precedent to the institution of this lawsuit have been fulfilled is quite adequate for pleading purposes." (cleaned up)).[2] And the Court must accept it as true. *Almanza*, 851 F.3d at 1066. Ace does not argue otherwise.

In the Motion, Ace contends Honick failed to satisfy the Statute's condition precedent of presuit notice. But that is outside the pleadings. At this point, the Court cannot resolve an extrinsic factual dispute. Of course, Ace may raise the issue again at summary judgment. But the pleading stage is not the time to settle disagreement on the facts.

As much as Ace contends the Complaint fails to plead compliance with a condition precedent by failing to attach the notice, it is mistaken. Ace cites Florida Rule of Civil Procedure 1.130, which requires plaintiffs to attach documents underlying their causes of action to pleadings. Yet Ace removed to federal court—where there is no such requirement. *See* Fed. R. Civ. P. 10(c); *U.S. ex Rel. Chabot v. MLU Servs., Inc.*, 544 F. Supp. 2d 1326, 1329 (M.D. Fla. 2008) ("Nothing in the Federal Rules of Civil Procedure requires Plaintiff to attach any document to the complaint." (cleaned up)); 5A Charles Alan Wright

---

[2] *See also Fla. Virtual Sch. v. K12, Inc.*, No. 6:20-cv-2354-GAP-EJK, 2021 WL 2823436, at *4 (M.D. Fla. Mar. 31, 2021); *Otto v. Seven Seas Cruises S. DE R.L., LLC*, No. 20-20188-Civ-WILLIAMS/TORRES, 2020 WL 6122048, at *2-3 (S.D. Fla. Apr. 14, 2020); *APR Energy, LLC v. Pak. Power Res., LLC*, 653 F. Supp. 2d 1227, 1233 (M.D. Fla. 2009).

& Arthur R. Miller, *Federal Practice and Procedure* § 1327 (4th ed. 2021 update) ("The provision for incorporation of exhibits in Rule 10(c) is permissive only, and there is no requirement that the pleader attach a copy of the writing on which his claim for relief or defense is based."). Because federal procedural law governs this case now, there was no need for Honick to attach presuit notice to corroborate the general allegation on satisfying a condition precedent. *See, e.g.*, *Davis v. City of Lake City, Fla.*, No. 3:10-cv-1170-J-34TEM, 2011 WL 13295721, at *4 (M.D. Fla. Nov. 14, 2011) ("Plaintiff's failure to attach the notice of right to sue provides no basis for dismissal of his Complaint."); *Perez v. Midland Nat'l Life Ins.*, No. 1:19-cv-23650-GAYLES/OTAZO-REYES, 2020 WL 4926342, at *3 (S.D. Fla. Aug. 21, 2020).

So the Motion is denied. All the same, Honick should carefully consider how to proceed. Honick inexplicably ignored a thoughtful, dispositive motion on a novel issue of law. As noted, the Court cannot decide that issue yet. But if there is a potential concern with presuit notice, Ace is sure to raise it again. There does not appear to be any statute of limitations impediment to Honick dismissing voluntarily, providing presuit notice, and refiling suit. By the time this issue reappears at summary judgment, however, that possibility would likely vanish. In other words, if the Court rules for Ace on the Statute's retroactivity at a late stage, the without prejudice dismissal would (probably)

in effect be with prejudice. Again, Honick can apparently avoid that chance altogether. That would seem most prudent given the unsettled question of law.

Accordingly, it is now

**ORDERED:**

Defendant's Amended Motion to Dismiss Plaintiff's Complaint (Doc. 18) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 14, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record